## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**THOMAS W. CUNNINGHAM,**

    **Plaintiff,**

    v.                                   **No. CV 12-1052 JCH/LAM**

**THE CITY OF ALBUQUERQUE, et al.,**

    **Defendants.**

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' ***Proposed Findings and Recommended Disposition*** *(Doc. 45)* ("PF&RD"), filed on August 23, 2013. On September 5, 2013, Plaintiff filed ***Plaintiff's Objection to Proposed Findings and Recommended Disposition (Doc. 47)*** (hereinafter "objections"). On September 18, 2013, Plaintiff filed a second ***Motion for Leave to Amend Complaint (Doc. 48)***. On September 19, 2013, Defendants filed a response to Plaintiff's objections. [*Doc. 49*]. In the PF&RD, the Magistrate Judge recommends that: (1) ***Defendants' Motion for Summary Judgment and Memorandum in Support (Doc. 30)*** be granted; (2) Plaintiff's ***Motion for Leave to Amend Complaint (Doc. 26)***, ***Motion Requesting Order for an Examination (Doc. 37)*** and ***Motion Requesting Production of Defendant's Lapel Camera Video (Doc. 41)*** be denied; and (3) Plaintiff's claims be dismissed with prejudice. [*Doc. 45* at 22]. Having conducted a *de novo* review of the portions of the PF&RD to which Plaintiff objects (*see* 28 U.S.C. § 636(b)(1)(C)), the Court has determined that Plaintiff's objections are without merit. The Court has also reviewed Plaintiff's second ***Motion for Leave to Amend Complaint (Doc. 48)*** and has concluded that it should be denied. Accordingly, the Court has determined that it will:

(1) overrule Plaintiff's objections; (2) adopt the ***Proposed Findings and Recommended Disposition (Doc. 45)***; (3) grant ***Defendants' Motion for Summary Judgment and Memorandum in Support (Doc. 30)***; (4) deny Plaintiff's ***Motion for Leave to Amend Complaint (Doc. 26)***, ***Motion Requesting Order for an Examination (Doc. 37)***, ***Motion Requesting Production of Defendant's Lapel Camera Video (Doc. 41)***, and ***Motion for Leave to Amend Complaint (Doc. 48)***; and (5) dismiss Plaintiff's claims against Defendants with prejudice.

In the PF&RD, the Magistrate Judge considered whether the claims raised by Plaintiff in his Complaint against the City of Albuquerque, City of Albuquerque police officers David Fox, Detective Vollmer, and "Four or Five Unidentified Vice Officers," should be dismissed. [*Doc. 45* at 4]. The claims raised by Plaintiff in his Complaint are: excessive use of force causing personal physical injury, failure to provide Plaintiff immediate medical attention, conspiracy to commit excessive use of force and for failure to intervene and failure to step forward with information, and illegal investigation in violation of Plaintiff's constitutional rights. [*Doc. 1-1* at 6-7]. In his objections, Plaintiff raises the following objections: (1) that the officers did not have a valid search warrant when they entered his room and arrested him (*Doc. 47* at 1); (2) that the officers did not see Defendant reach into his pocket, so their use of force was not justified (*id.* at 2-3); and (3) that Plaintiff did not receive Document 42 (Defendant's response to Plaintiff's ***Motion Requesting Production of Defendant's Lapel Camera Video (Doc. 41)***), or Document 43 (a text-only order reassigning this case from District Judge Martha Vàzquez to District Judge Kenneth J. Gonzales) (*Doc. 47* at 3). Plaintiff asks the Court not to dismiss this case because evidence may exist that may prove Plaintiff's claim, and because Plaintiff may amend his complaint to add the claim that the search warrant was not valid. *Id.* at 5. In the alternative, Plaintiff asks the Court to stay his case

pending the outcome of his state criminal case, or dismiss his case without prejudice.  *Id.* at 6.  The Court considers Plaintiff's objections in turn below.

### A.  *Validity of Arrest Warrant*

Plaintiff states in his objections that "officer [sic] forced their way into my room without a warrant," which "constitutes a violation of the 4th amendment."  *Id.* at 1.  Plaintiff further states that the issue of whether the search warrant was valid has been raised in his state criminal case, and that, if Plaintiff prevails on that issue in his state case, a dismissal here with prejudice would prevent him from being able to seek damages for this claim.  *Id.* at 3-4; *see also* [*Doc. 47-1* at 1-15] (motion to suppress filed in Plaintiff's state criminal case).  Defendants state that this issue was addressed by the Magistrate Judge in the PF&RD when the Magistrate Judge found that the validity of Plaintiff's arrest could not be considered at this time because it was the subject of an ongoing state proceeding. [*Doc. 49* at 2] (citing [*Doc. 45* at 16, 17]).

It is not clear whether Plaintiff's objection regarding the search warrant raises a new claim or is part of Plaintiff's claim that the original investigation conducted by Defendants in November 2011, was illegal, which was considered by the Magistrate Judge in in the PF&RD.  If this is a new contention that was not raised in Plaintiff's Complaint, it is deemed waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  To the extent this claim was intended to be raised by Plaintiff as part of his claim that the investigation conducted by Defendants was illegal (*see Doc. 1-1* at 7), as the Magistrate Judge explained in the PF&RD, the Court lacks the power to direct the actions of state courts pursuant to the *Younger* abstention doctrine and, thus, cannot consider Plaintiff's claim that the search warrant was invalid at this time. *See Southwest Air Ambulance, Inc. v. Las Cruces*, 268 F.3d 1162, 1177 (10th Cir. 2001) ("Under

the abstention doctrine articulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts should not interfere with [ongoing] state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings when the state forum provides an adequate avenue for relief.") (citations and internal quotation marks omitted).

In addition, contrary to Plaintiff's statement in his objections, dismissal of the claims presently before the Court with prejudice would <u>not</u> preclude Plaintiff from being able to bring a claim for damages under Section 1983 based on the execution of an invalid search warrant.  As the Tenth Circuit has explained, inquiries into whether a plaintiff is entitled to damages for an unlawful arrest, based on lack of probable cause or on an invalid search warrant, and whether he is entitled to damages for use of excessive force "are separate and independent, though the evidence may overlap," and "[t]he plaintiff might succeed in proving the unlawful arrest claim, the excessive force claim, both, or neither."  *Cortez v. McCauley*, 478 F.3d 1108, 1127 (10th Cir. 2007) (footnotes omitted).  A Section 1983 claim for unlawful arrest, therefore, would not be precluded by dismissal with prejudice of Plaintiff's Section 1983 claim for excessive force because those are separate claims, and the excessive force claim is not dependent upon whether Plaintiff's unlawful arrest claim is successful.  *See Romero v. Story*, 672 F.3d 880, 890 (10th Cir. 2012)  (explaining that, if a plaintiff brings a successful claim for unlawful arrest, he would be "entitled to damages for the unlawful arrest, which includes damages resulting from any force *reasonably* employed in effecting the arrest," while an allegation of excessive force would require the court to "conduct a separate and independent inquiry *regardless* of whether the plaintiff's unlawful arrest claim is successful") (citation and internal quotation marks omitted).

4

Similarly, Plaintiff makes no showing that dismissal with prejudice of his claims for failure to provide medical attention, and conspiracy to commit excessive use of force and for failure to intervene and failure to step forward with information, would preclude a potential claim for unlawful arrest, and the Court finds no support for such position.  Plaintiff, therefore, may be able to pursue a damages claim based on an unlawful arrest regardless of this Court's dismissal with prejudice of the claims currently before the Court.  The Court makes no ruling, however, regarding whether such a claim would be timely under any applicable statutes of limitations, or whether it has merit.  For these reasons, the Court finds that this objection should be overruled.

## B.  Objection to Excessive Force Findings

Next, Plaintiff appears to object to the Magistrate Judge's finding that Defendants did not use excessive force in arresting him because Plaintiff contends that Defendants could not have seen Plaintiff reach in his pocket and, therefore, could not justify their use of force for officer safety reasons.  [*Doc. 47* at 2].  In determining whether the force used against Plaintiff was reasonable under the Fourth Amendment, the Magistrate Judge considered the severity of the crime at issue, whether Plaintiff posed an immediate threat to the safety of the officers or others, and whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight.  [*Doc. 45* at 10-13] (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989) and *Weigel v. Broad*, 544 F.3d 1143, 1151-52 (10th Cir. 2008)).  In determining whether Defendant Vollmer used excessive force by striking Plaintiff in the chest with the butt of his rifle, the Magistrate Judge found: (1) that the first factor does not weigh in favor of either Plaintiff or Defendants because the crime at issue involved an arrest for an unknown, but impliedly small, amount of crack cocaine; (2) that the second factor weighs in favor of Defendants because Plaintiff fled into the hotel room, Defendants did not know if Plaintiff or the other individuals in the hotel room posed a threat to the officers, and Plaintiff

reached into his pocket, which could have contained a weapon; and (3) the third factor weighs in favor of Defendants because Plaintiff attempted to evade arrest by moving into the hotel room instead of stopping when ordered to do so.  [*Doc. 45* at 11].  In determining whether Detective Sandy used excessive force in placing his foot on Plaintiff -- or "stompin[g]" on Plaintiff's chest, as Plaintiff contends -- the Magistrate Judge found that was not an excessive use of force because Plaintiff did not allege that Detective Sandy applied the technique for an extended period of time, or that he or any of the officers knew of any health factors that would have made it potentially dangerous to apply it to Plaintiff.  *Id.* at 12 (citing *Weigel v. Broad*, 544 F.3d 1143, at 1152 and 1155 (10th Cir. 2008), *Mata v. City of Farmington*, 798 F. Supp. 2d 1215, 1226 (D.N.M. 2011); and *Bailey v. Silver*, No. 11-CV-747-JHP-PJC, 2013 WL 1192600, *3, *8 (N.D. Okla. March 22, 2013) (unpublished)).

Plaintiff states in his objection that "Defendant Fox said he did not see the Plaintiff reach in his pocket, so how can the third [officer] claim to have seen it."  [*Doc. 47* at 2].  Defendant Fox made no statement in his affidavit about whether or not he saw Plaintiff reach in his pocket.  *See* [*Doc. 29-2* at 11-13].  Defendant Vollmer, however, stated in his affidavit that Plaintiff "quickly entered Room 222 and immediately attempted to remove a small package from his clothing, containing a substance consistent with the appearance of crack cocaine."  *Id.* at 19-20.  The Court, therefore, agrees with Magistrate Judge's finding that the second factor weighs in favor of finding that Defendant Vollmer did not use excessive force in hitting Plaintiff in the chest with the butt of his rifle because Defendant Vollmer saw Plaintiff reach in his pocket.  The Court also agrees with the Magistrate Judge's finding that Detective Sandy did not use excessive force by placing his foot on Plaintiff's chest or back to subdue him.  Even if Detective Sandy did not see Plaintiff reach in his pocket, the Magistrate Judge's finding is correct in light of all of the other circumstances,

especially considering the undisputed facts that there were other people in the hotel room, the room had to be secured, and Detective Sandy did not keep his foot on Plaintiff for an extended period of time.  The Court, therefore, finds that this objection is without merit and should be overruled.

### C.  Defendants' Response to Plaintiff's Motion for Lapel Camera Video

Plaintiff states in his objections that he did not receive a copy of either Document 42 (Defendant's response to Plaintiff's ***Motion Requesting Production of Defendant's Lapel Camera Video (Doc. 41)***), or of Document 43 (a text-only order reassigning this case from District Judge Martha Vàzquez to District Judge Kenneth J. Gonzales).  [*Doc. 47* at 3].  The Court's docket shows that both of these documents were sent to Plaintiff at his address of record on the date they were filed.  Plaintiff did not ask for a copy of these documents from the Court -- he merely states in his objections that he did not receive a copy of them, and that he was waiting to receive a copy of Defendants' response to his motion for a lapel camera video to file for leave to amend his complaint.  [*Doc. 47* at 4].  The Court finds that this objection is without merit because the outcome of this case is not affected by whether or not Plaintiff received a copy of either of these documents.  In the PF&RD, the Magistrate Judge found that Plaintiff's motion for a lapel camera video "should be denied because the Court's findings that Defendants did not violate Plaintiff's constitutional rights are based on consideration of the facts as presented by Plaintiff, or in the light  most favorable to Plaintiff, and Plaintiff does not show how any video evidence would affect those findings." [*Doc. 45* at 21].  In his objections, Plaintiff again fails to show how any video evidence would affect the Magistrate Judge's findings in light of the fact that they are based on consideration of the facts as presented by Plaintiff and in the light most favorable to Plaintiff.  Plaintiff also does not explain why he was waiting for a copy of Defendants' response to his motion for a lapel camera video to

file a motion to amend his complaint.  The Court, therefore, finds that this objection is without merit and should be overruled.

### D.  Plaintiff's Second Motion to Amend Complaint

In Plaintiff's second motion to amend his complaint, filed September 18, 2013, Plaintiff asks the Court for leave to amend his complaint to add the names of the unidentified vice officers and to add new causes of action for unlawful arrest and malicious prosecution.  [*Doc. 48* at 1 and 3-7]. A party may amend his complaint once as a matter of course within 21 days of serving it or 21 days after service of a motion under Fed. R. Civ. P. 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).  After that time-period has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Plaintiff's motion to amend his complaint was filed well after the period to amend under Rule 15(a)(1), and was filed without the opposing parties' written consent, so the Court must consider whether to allow Plaintiff to amend his complaint.  "The court should freely give leave when justice so requires" (Fed. R. Civ. P. 15(a)(2)), and the Court "may withhold leave to amend only for reasons such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the amendment" (*Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (citations and internal quotation marks omitted)).

The Magistrate Judge recommended that Plaintiff's first motion to amend his complaint (*Doc. 26*) be denied because it was filed more than six months after his complaint was originally filed in state court, and five months after Defendants removed the case to this Court.  [*Doc. 45* at 18-19].  The Court finds that Plaintiff's second motion to amend his complaint should also be denied for undue delay by Plaintiff since it was filed more than a year after his complaint was

8

originally filed in state court, and more than eleven months after Defendants removed the case to this Court. Plaintiff offers no explanation for the delay in filing this second motion to amend his complaint, other than stating that he seeks to amend his complaint "[i]n light of new developments in the criminal case." [*Doc. 48* at 1]. The Court finds that this is not an adequate reason for Plaintiff to move to amend his complaint at such a late date. The Court, therefore, finds that Plaintiff has unduly delayed in filing this motion and the motion should be denied. *See Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006) (upholding district court's finding that a 14-month delay in filing a motion to amend a complaint, with no explanation offered by the plaintiffs, constitutes undue delay); and *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) (finding that an unexplained delay alone justifies the district court's discretion to deny the amendment). Plaintiff does not contend that these causes of action are based on recently discovered evidence, so they could have been raised by Plaintiff when he filed his original Complaint. Also, Plaintiff does not state that the newly named officers did anything different than the ones named in Plaintiff's Complaint, so it would be futile to allow Plaintiff to amend his Complaint to add these defendants since the Court has found that Plaintiff's claims are without merit. The Court makes no ruling, however, regarding whether Plaintiff's new claims would be timely under any applicable statutes of limitations, or whether they have merit. The Court will deny the motion without prejudice so that Plaintiff can raise the claims in his second motion to amend his complaint in a new lawsuit if he chooses to do so.

**IT IS THEREFORE ORDERED** the *Plaintiff's Objection to Proposed Findings and Recommended Disposition (Doc. 47)* are **OVERRULED**;

**IT IS FURTHER ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 45)* are **ADOPTED** by the Court;

**IT IS FURTHER ORDERED** that *Defendants' Motion for Summary Judgment and Memorandum in Support (Doc. 30)* is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to Amend Complaint (Doc. 26)*, *Motion Requesting Order for an Examination (Doc. 37)*, *Motion Requesting Production of Defendant's Lapel Camera Video (Doc. 41)*, and second *Motion for Leave to Amend Complaint (Doc. 48)* are **DENIED** as set forth above; and

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

**HONORABLE JUDITH C. HERRERA**
**UNITED STATES DISTRICT JUDGE**